**Harold M. GAY, Jr., Plaintiff–Appellant,**

v.

**Daniel J. AFFOURTIT, Manuel F. Labee and Stuart H. Archer, Defendants–Appellees.**

No. 00–7992.

United States Court of Appeals, Second Circuit.

April 10, 2001.

Michael S. Haber, N.Y., NY, for appellant.

Louis P. Malone, O'Donoghue & O'Donoghue, Washington, DC, for appellees.

Present OAKES, KEARSE, and JOSÉ A. CABRANES, Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Plaintiff Harold M. Gay, Jr., appeals from a judgment entered in the United States District Court for the Southern District of New York, Constance Baker Motley, *Judge*, granting defendants' motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a) at the close of Gay's presentation of evidence at trial. On appeal, Gay contends that the district court erred in analyzing the elements of his

claims of slander, prima facie tort, and conspiracy, and improperly assessed the record. We disagree.

In ruling on a motion for judgment as a matter of law, the trial court is required to

consider the evidence in the light most favorable to the party against whom the motion was made and to give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence. The court cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury.

*Smith v. Lightning Bolt Productions, Inc.*, 861 F.2d 363, 367 (2d Cir.1988) (internal quotation marks omitted); *see also Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150–51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Kim v. Hurston*, 182 F.3d 113, 117 (2d Cir.1999); *Piesco v. Koch*, 12 F.3d 332, 343 (2d Cir.1993). We see no indication in the record that the district court made credibility assessments, drew inferences adverse to Gay, or otherwise failed to comply with these principles. Given the trial evidence presented by Gay, no rational juror could have found that Gay had proven the motivation and causation elements of his causes of action. Nor does the record support Gay's contention that the district court misapprehended the elements of his causes of action.

We have considered all of Gay's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.